Ex parte Carmen Padín Santiago, Petitioner; Salvador Suau, Claimant and Appellee, v. Heirs of Baltasar Padín Castro, Respondents and Appellants.

No. 6671.   Argued April 23, 1934.—Decided May 25, 1934.

*A. Mena Latorre* for appellants.   *Salvador Suau, in pro. per.,* and *F. Prieto Azuar,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

Under Rule 59 of this court, an appeal may be dismissed if the appellant fails to take some necessary step within a period of ninety days from the time he has the opportunity to do so.   Under this rule we decided in *Auge* v. *Celosse,* 32 P.R.R. 598, that when a transcript of evidence was submitted to a district court it was the duty of the appellant to push the approval of the said transcript.   This the appellants did not do in this case, and the appellee moves to dismiss the appeal under the rule, citing various other cases of this court.

The appellants maintain that they have a good excuse for the delay, as the judge who sat in the case in Humacao was Tomás Torres Pérez.   The said judge had only a provisional appointment.   His principal duties are in San Juan as one

of the law officers of the Department of Justice. The appellants say that it is difficult for the said Tomás Torres Pérez to go to Humacao to approve the transcript of the evidence. We do not find that this excuse is sufficient, because the appellant must always have means at his hands, by application to the judge or to the Attorney General, to obtain an approval of the transcript. Therefore, the appeal is subject to dismissal.

This was a case where the court allowed some $900 as attorney's fees and a small amount of other costs. After the court rendered its order for costs the appellants filed a motion for reconsideration. They now allege that, under the decisions in *Sauri* v. *Sauri,* 45 F. (2d) 90, and *Pérez* v. *Díaz,* 42 P.R.R. 345, the time for filing the record on appeal is extended by reason of the filing of a motion for reconsideration. If the cited cases could be extended to our local practice, a matter we deem unadvisable to discuss now, then the appeal would have to be dismissed because the time for appealing would only run from the moment of the disposition of the motion for reconsideration. On the other hand, if the motion for reconsideration has no effect on the due preparation of the transcript of record in the appeal from the judgment, then, under the considerations of the previous paragraphs, the appeal would still have to be dismissed.

The motion to dismiss should prevail.